**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GREAT LAKE REINSURANCE (UK) PLC,**
**as subrogee of Jeff Verschage,**

                 **Plaintiff,**

**-vs-**                                                      **Case No. 6:11-cv-478-Orl-18KRS**

**CARLOS DESPIAU d/b/a Carlos'**
**Fiberglass,**

                 **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 14)**
>
> **FILED:**      **September 29, 2011**

## I. PROCEDURAL HISTORY.

      Plaintiff Great Lakes Reinsurance (UK) as subrogee of Jeff Verschage (Great Lakes) filed a complaint against Carlos Despiau d/b/a Carlos' Fiberglass (Despiau) for negligence, breach of contract and breach of an implied warranty of workmanlike performance. Doc. No. 1. Great Lakes caused the complaint to be served on Despiau. Doc. No. 7. Despiau did not appear or respond to the complaint. Accordingly, at the request of Great Lakes, the Clerk of Court entered a

default against Despiau. Doc. No. 9. Great Lakes now seeks entry of a default judgment against Despiau.

## II. ALLEGATIONS IN THE COMPLAINT.

Great Lakes alleged that it was the insurer of a 1988 63' Defendant Motor Yacht known as the M/V "White Pearl" (hereinafter the Vessel) pursuant to an insurance policy issued to Verschage. Doc. No. 1 ¶ 3. It further alleges that Verschage entered into a contract with Despiau to provide fiberglass repair to the Vessel, and Despiau commenced extensive repairs. *Id.* ¶ 5. According to the complaint, Despiau failed to seal the hatch in the back deck/cockpit floor of the Vessel and left the Vessel without functioning cockpit drains and bilge pumps and disconnected certain hoses. *Id.* ¶ 5. As a result, when the Vessel was subjected to heavy rain, the rainwater accumulated in the bilge, which caused the Vessel to sink until it was fully submerged. *Id.* ¶ 6.

Great Lakes further alleges that, as a result of the damages to the Vessel arising from Despiau's negligence, faulty workmanship and/or breach of contract, it was required to pay $211,803.56 plus expenses to Verschage. *Id.* ¶ 8. Great Lakes thereafter became subrogated to the rights and interests of Verschage. *Id.*

## III. LEGAL STANDARD.

A court may enter a default judgment only if the factual allegations of plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the

sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

If it is determined that a default judgment is warranted, then the Court may hold a hearing on damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

**IV.    ANALYSIS.**

    *A.    Liability for Negligence.*

"It is well settled that a contract to repair a vessel is maritime. . . . Consequently, a shipowner has a maritime cause of action whether he sues in contract for a breach of warranty of workmanlike service or in tort for the negligent performance of a maritime contract." *Alcoa S.S. Co. v. Charles Ferran & Co.*, 383 F.2d 46, 50 (5th Cir. 1967).

While Great Lakes brought claims for breach of contract, breach of warranty of workmanlike service and negligence, in the motion for a default judgment it addressed only the negligence claim.[1] "[T]o make out a prima facie case of maritime negligence, a plaintiff must establish that the defendant owed a duty to the plaintiff 'under the law to conform to a particular standard of conduct in order to protect others against an unreasonable risk of harm,' that the defendant breached such duty, and that the breach harmed plaintiff in a manner that the duty of reasonable case seeks to prevent." *Stuart Cay Marina v. M/V Special Delivery*, 510 F. Supp. 2d 1063, 1070-71 (S.D. Fla. 2007).

---

[1] Accordingly, the Court should consider the claims for breach of contract and breach of warranty to have been abandoned.

In the complaint, Great Lakes alleges that Despiau owed Verschage a duty to exercise reasonable case in the repair and replacement of the back deck and cockpit on the Vessel. Doc. No. 1 ¶ 13. It alleges that Despiau breached that duty by failing to take various steps necessary to assure that the Vessel was watertight. *Id.* ¶ 14. It further alleges that Verschage was injured as a result of Despiau's actions when the Vessel sank during heavy rains. *Id.* ¶ 15. Finally, it alleges that Great Lakes is the subrogee of Verschage's claims against Despiau. *Id.* ¶ 8. These allegations are sufficient to find Despiau liable for maritime negligence.

2.  *Damages*.

In support of its request for damages, Great Lakes filed the Affidavit of Alexander Mark Thomas and a Marine Proof of Loss and Release, Doc. No. 14-1, an agreement between Despiau and Verschage, Doc. No. 14-2, and a Loan Receipt, Doc. No. 14-3. Great Lakes provided no legal analysis of the measure of damages arising from maritime negligence.

The Supreme Court stated in a case in which a vessel was lost in a collision that "[w]here property is destroyed by a wrongful act, the owner is entitled to its money equivalent, and thereby to be put in as good position pecuniarily as if his property had not been destroyed. In the case of total loss of a vessel, the measure of damages is its market value, if it has a market value, at the time of destruction." *Standard Oil Co. v. Southern Pacific Co.*, 268 U.S. 146, 155 (1925).

The Marine Proof of Loss attested to by Thomas reflects that the whole loss of the vessel, including salvage/pollution mitigation expenses, was $211,803.56. Doc. No. 14-1. This is sufficient evidence of damages due for loss of the Vessel.

Great Lakes does not seek an award of prejudgment interest, attorneys' fees or costs. Doc. No. 14 at 4.

## V. RECOMMENDATION.

Based upon the foregoing report, I respectfully recommend that the Court **GRANT** the Renewed Motion for Entry of Default Judgment (Doc. No. 14), **AWARD** Great Lakes damages in the total amount of $211,803.56, and **DIRECT** the Clerk of Court to enter judgment against Defendant Carlos Despiau d/b/a Carlos' Fiberglass in that amount. After entry of judgment, I recommend that the Clerk of Court be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 18, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy